UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICIO PLAXICO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-cv-4076 |
| ) | |
| JOHN VARGA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at East Moline Correctional Center ("East Moline"). (Doc. 1). The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff files suit against Defendants Warden John Varga, Assistant Warden Amber Allen, Nurse Practitioner Gill Wagner, and Dr. Arthur Funk.

Plaintiff alleges he fell out of his top bunk and injured his left knee on August 9, 2022. Defendant Wagner examined Plaintiff on August 23, 2022, and allegedly denied Plaintiff's request for a low bunk permit. Plaintiff received an x-ray on August 31, 2022. The results did not reveal

1

any abnormalities, but Plaintiff informed Defendant Wagner that he was in "intense pain." Defendant Wagner prescribed a temporary knee sleeve and sent Plaintiff limping back to his housing unit. For forty-three days, Plaintiff was forced to walk long distances and traverse stairs to eat and receive his medication. Plaintiff alleges he complained the Ibuprofen that Defendant Wagner prescribed was not helping and his knee was inflamed, but Defendant ignored his complaints. Plaintiff has adequately alleged an Eighth Amendment deliberate indifference claim against Defendant Wagner. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012).

In October 2022, Plaintiff received an MRI, which revealed that ligaments in his left knee were torn and strained. Defendant Dr. Funk, East Moline's physician, informed Plaintiff about the findings of the MRI and recommended surgery. Plaintiff alleges he told Defendant Funk that his pain was intolerable at times, especially due to all the walking he had to do to get medical assistance. It is unclear whether Defendant Funk denied Plaintiff pain medication or refused to provide accommodations. Plaintiff's allegations against Defendant Funk, as currently pled, are insufficient to state an Eighth Amendment deliberate indifference claim. *See Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996).

On November 1, 2022, Plaintiff saw an orthopedic specialist, who recommended that Plaintiff be moved to East Moline's administration building for easier access to medical care. Plaintiff was moved to the administration building on November 14, 2022.

On December 10, 2022, Plaintiff received surgery on his knee. An outside doctor ordered Plaintiff to elevate his leg after surgery. Plaintiff states that when he returned to East Moline, he was housed in the medical wing and given a wheelchair without leg supporters to elevate his leg. Plaintiff also alleges he was supposed to receive therapy after surgery, but he never received the

recommended therapy. Plaintiff does not indicate if he complained to any of the Defendants about the wheelchair or lack of therapy.

Plaintiff names Warden Varga and Assistant Warden Allen as Defendants, but he does not include any allegations about them in his complaint. "[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). There is no *respondeat superior* culpability under § 1983. If state prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Furthermore, as non-medical prison officials, Defendants Varga and Allen are entitled to rely on the opinions of medical staff. *See Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008). "If a prisoner is under the care of medical experts … a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

Defendants Funk, Varga, and Allen are DISMISSED without prejudice. Plaintiff is given leave to file an amended complaint within thirty days of this Order. Plaintiff's amended complaint will replace his complaint in its entirety and must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim against Defendant Wagner based on Defendant's alleged deliberate indifference to Plaintiff's serious medical needs. Additional claims

shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants Funk, Varga, and Allen are DISMISSED, without prejudice, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to terminate them as parties. Plaintiff is given leave to file an amended complaint within 30 days. Plaintiff's amended complaint will replace his complaint in its entirety and must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4) The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer

or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6) If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Defense counsel is hereby granted leave to depose Plaintiff and shall arrange the time for the deposition.

9) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) Plaintiff shall be provided a copy of all pertinent medical records upon request.

11) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel.

12) The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.


ENTERED: 10/16/23

                                                                  s/ James E. Shadid
                                                                   James E. Shadid
                                                                   United States District Judge